UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH BRUNO,

          Plaintiff,

    v.

WELLS FARGO & COMPANY, et al.,

          Defendants.

Case No. 25-cv-10808-RS

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Plaintiff Joseph Bruno was employed as a financial advisor in Florida by defendant Wells Fargo Clearing Services, LLC, dba Wells Fargo Advisors ("WF Advisors"). WF Advisors is a Delaware entity, with its principal place of business in St. Louis, MO. The gravamen of Bruno's complaint is that despite his long record of high achievement at WF Advisors, he was wrongfully terminated for criticizing hiring practices at WF Advisors and across the larger Wells Fargo family of companies. Specifically, Bruno objected to a hiring policy that nominally required at least one "diversity" candidate to be interviewed for job openings, because he believed many of those interviews were shams—conducted after a decision had already been made to hire a "non-diverse" candidate.

Bruno's operative complaint in this action names as an additional defendant Wells Fargo and Company, ("WF and Co."), an entity that describes itself as a holding company, incorporated in Delaware and based in San Francisco. Through a chain of intermediate entities, WF Advisors is a wholly owned subsidiary of WF and Co. In the operative complaint, many of the allegations

lump together WF Advisors and WF and Co., a practice defendants complain is improper "shotgun pleading."

Defendants move to dismiss under Rule 12(b)(3) for improper venue, and move to dismiss under Rule 12(b)(6) as to WF and Co. on grounds the alleged facts do not support a claim against it, as it was not Bruno's employer or otherwise liable. Alternatively, defendants seek transfer to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, and in the interest of justice.[1]

Bruno responds with a filing entitled "motion for leave to amend" that (1) seeks leave to file an amended complaint, and (2) argues why, in Bruno's view, upon the filing of the amended complaint venue will be proper in this district. Defendants object that a motion for leave to amend the complaint is an improper vehicle for presenting opposition to a motion challenging venue. Although Bruno could have made his intent more clear had he labeled the document as an opposition to the venue motion *and* a motion for leave to amend, there is no substantive reason Bruno may not attempt to cure the venue problem with an amended complaint.

That said, even if the motion for leave to amend were granted at this juncture, it would not make venue in this district proper. Under the general venue statute, 28 U.S.C. §1391(b), a civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Although defendants do not expressly request it, transfer in lieu of dismissal can also an appropriate remedy upon a finding of improper venue under Rule 12(b)(3). *See* 28 U.S.C. § 1406(a).

United States District Court
Northern District of California

CASE NO. 25-cv-10808-RS

Bruno's complaint includes a claim under Title VII. An action under Title VII may be brought in (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3). The statute also provides that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

Bruno contends his proposed amended complaint resolves the "shotgun pleading" issue and clearly identifies the wrongful acts allegedly committed by WF and Co. that make it a proper defendant, even if it was not his direct employer. Bruno then insists that because WF and Co. is a proper defendant, venue is proper under 28 U.S.C. §1391(b)(3). That subsection, however, applies only "if there is no district in which an action may otherwise be brought as provided in this section." This action plainly could have been brought in the Middle District of Florida under §1391(b)(2), as that is where "a substantial part of the events or omissions giving rise to the claim occurred," regardless of whether additional events or omissions occurred elsewhere. Bruno's contention that venue for the proposed amended complaint would be proper under §1391(b)(3) is completely without merit.

On reply in support of his motion for leave to amend, Bruno suggests that venue in this district could be proper under §1391(b)(2) and/or the statute governing Title VII claims because the allegedly wrongful acts and relevant events emanated from WF and Co's actions here. Even accepting Bruno's assertion that WF and Co played a sufficient role in his termination and the associated alleged wrongs to give rise to potential liability, however, his allegations do not show WF and Co's alleged acts or omissions occurred in this district at all, or to a degree that would support venue here.

Accordingly, even if the motion for leave to amend were to be granted, venue here would be improper. Therefore, the action is subject to dismissal. As noted above, however, under

United States District Court
Northern District of California

28 U.S.C. § 1406(a), transfer to a proper venue in the interest of justice is permissible in lieu of dismissal, and such an order is appropriate here. Thus, this case will be transferred to the Middle District of Florida based on the fact that venue in this district is improper.

In the alternative, assuming venue in this district could be justified if leave to file the proposed amended complaint were granted, transfer for convenience pursuant to defendants' alternative motion under 28 U.S.C. § 1404(a), would be warranted, and this order is additionally based on that alternative ground. Defendants made an adequate showing that the relevant factors under 28 U.S.C. § 1404(a) favor transfer. Rather than presenting argument and evidence to the contrary, Bruno suggests that further briefing on the point should be permitted once he is given leave to amend his complaint.

As noted above, it was not necessarily improper for Bruno to present his arguments against dismissal or transfer for improper or inconvenient venue in a brief supporting a motion for leave to amend. Nevertheless, it was incumbent on him to address substantively the prong of defendants' motion seeking a convenience transfer under § 1404(a). His suggestion that further briefing would be appropriate after the amended complaint is filed is inconsistent with his position that the 12(b)(3) "wrong venue" motion can be adjudicated based on the proposed amended complaint, even before it is allowed to become the operative pleading.

Accordingly, defendants' showing that transfer under § 1404(a) is warranted is effectively unrebutted. Thus, even assuming venue were proper in this district, transfer to the Middle District of Florida on the alternative ground of convenience and the interests of justice must be granted.

This action is ordered transferred to the Middle District of Florida. Bruno's motion for leave to file an amended complaint and the motion of defendant WF & Co to dismiss under Rule 12(b) for failure to state a claim may be addressed as the transferee court deems appropriate.

**IT IS SO ORDERED**.

CASE NO. 25-cv-10808-RS

4

United States District Court
Northern District of California

Dated: June 9, 2026

_____
RICHARD SEEBORG
Chief United States District Judge